110 F.3d 71
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Monticello Murrell STEPHENS, Defendant-Appellant.
 No. 96-10219.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 26, 1997.
 
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Monticello Murrell Stephens appeals his 138-month sentence imposed by the district court after he pleaded guilty to armed robbery of a credit union and using a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2113(a) & (d), and 924(c)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for clear error, see United States v. Reed, 80 F.3d 1419, 1424 (9th Cir.), cert. denied, 117 S.Ct. 211 (1996), and we affirm.
 
 
 3
 Stephens contends the district court erred by assessing a two-level enhancement for reckless endangerment during flight under U.S.S.G. § 3C1.2 (1995). This contention lacks merit.
 
 
 4
 Section 3C1.2 mandates a two-level increase "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." A defendant is " 'reckless' ... when he is aware of but disregards the risk created by his conduct, and when that conduct involves 'a gross deviation from the standard of care that a reasonable person would exercise.' " United States v. Luna, 21 F.3d 874, 885 (9th Cir.1994) (quoting U.S.S.G. § 2A1.4, comment. (n. 1)); see U.S.S.G. § 3C1.2, comment. (n. 2) (1995) (defining "reckless"). In Luna, 21 F.3d at 885, this court affirmed the district court's section 3C1.2 increase, based on a finding that a defendant displayed "a gross deviation from ordinary care" when he abandoned a running car in a residential area.
 
 
 5
 Here, Stephens and a codefendant fled the scene of the robbery in an automobile; Stephens drove approximately fifty miles per hour on a residential street with a posted speed limit of twenty-five miles per hour. After traveling two blocks, Stephens and his codefendant exited the car with the engine running, and the car rolled slowly into a parked car. The district court found Stephens had acted recklessly and endangered others by driving at "an excessive rate of speed for the posted speed limit" and "jumping out of the car." Because Stephens "created a substantial risk of death or serious bodily injury" when he fled a police officer at almost twice the posted speed limit and abandoned a running car in a residential area, the district court did not clearly err by awarding the reckless-endangerment enhancement. See U.S.S.G. § 3C1.2; see also Luna, 21 F.3d at 885.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3